IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:11-239-CMC |
| v. | |
| Kashon Harrison, | **Opinion and Order** |
| Defendant. | |

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), Defendant is no longer a career offender and should be resentenced. ECF No. 150. While Defendant originally filed a *pro se* motion, the Federal Public Defender was appointed and filed a response in support. ECF No. 156. The Government filed a response in opposition to Defendant's § 2255 motion both before and after the Public Defender's memorandum. ECF Nos. 153, 158.

**I.  Background**

On February 16, 2011, Defendant was indicted in a nine count indictment for: conspiracy with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(D), and 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and six counts of possession with intent to distribute heroin, in violation of § 841(a)(1) and (b)(1)(C). ECF No. 1. Defendant entered into a written plea agreement on May 11, 2011, agreeing to plead guilty to counts two and seven of the indictment (the 924(c) charge and one count

of possession with the intent to distribute heroin). ECF No. 46. Defendant entered the guilty plea in this court the same day. ECF No. 49.

A Pre-Sentence Report (PSR) concluded Defendant was a career offender pursuant to U.S.S.G. §4B1.1(b). The PSR found Defendant's prior convictions for Strong Arm Robbery and Possession with Intent to Distribute Crack Cocaine were predicate convictions for career offender purposes. *See* PSR ¶¶ 55, 60. Defendant's guideline range was calculated to be 262-327 months. There were no objections to the PSR.

On August 24, 2011, Defendant appeared for sentencing. The court sentenced Defendant to 262 months' total imprisonment and a six-year term of supervised release. Defendant did not appeal his conviction or sentence. Defendant's sentence was reduced to a total term of 168 months on February 22, 2016. ECF No. 145. Defendant filed the instant § 2255 motion on April 4, 2016.

## II.    *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

The newly recognized right established in *Johnson* has not been held to apply to the career offender portion of the Sentencing Guidelines, which, at the time of Defendant's sentencing, contained a residual clause in its definition of "crime of violence."[1]  That residual clause, similar to the one in the ACCA, provided that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" qualified as a predicate offense for career offender purposes.  18 U.S.C. § 16 (b); U.S.S.G. § 4B1.2 (2008).

The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 16(b).  *See In re Creadell Hubbard*, No. 15-276, __ F.3d __, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016).  Although dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 16(b) may also be invalidated by *Johnson*. *Id.*  The Supreme Court has granted *certiorari* in *United States v. Beckles*, No. 15-8544, in order to determine whether *Johnson* applies to the career offender guideline.

## III.    Discussion

In this case it is not necessary to decide whether the residual clause in the career offender guideline was invalidated by *Johnson*, and therefore unnecessary to await the Supreme Court's decision in *Beckles*.

---

[1] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

3

Defendant has two predicate convictions which served to qualify him for the career offender enhancement: one felony drug offense and one violent felony – the Strong Arm Robbery conviction. While Defendant's drug offense was untouched by the *Johnson* ruling and any potential application of that reasoning to the career offender guideline, his other predicate offense was a violent felony and potentially affected by the *Beckles* decision on the career offender residual clause. Therefore, assuming *arguendo* the residual clause of the career offender guideline is void for vagueness, the issue at hand is whether the Strong Arm Robbery conviction qualifies as a predicate conviction under the force clause, or only qualified under the residual clause.

The Fourth Circuit recently decided *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), which held that South Carolina robbery is a violent felony under the ACCA.[2] South Carolina courts define Strong Arm Robbery as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *Id.* at *2 (citing *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003)). The court examined cases defining and interpreting South Carolina law to conclude that robbery by either putting someone in fear or by actual violence satisfies the force clause by requiring the threat or use of "violent force." *Id.* at *5 ("South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the 'use, attempted use, or threatened use of physical force against the person of

---

[2] *Doctor* noted that "South Carolina strong arm robbery and common law robbery are synonymous terms for a common law offense whose penalty is provided for by statute." *Id.* at *1 n.1. Therefore, the Fourth Circuit simply referred to this offense as "South Carolina robbery" throughout the opinion.

4

another.'"). The court also rejected defense arguments that South Carolina robbery could be committed by violent force against property instead of a person, without an intentional use of force, and by using *de minimis* actual force (in contrast to North Carolina's common law robbery offense). Therefore, the court determined that South Carolina robbery "necessarily" has as an element the use, attempted use, or threatened use of physical force, and thus qualifies as a violent felony under the ACCA. *Id.*

While Defendant's sentence was enhanced pursuant to the career offender guideline, not the ACCA, the Fourth Circuit has treated predicate offenses similarly for both. *United States v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as the two terms are defined in a substantively identical manner.") (citations omitted). Therefore, Strong Arm Robbery would remain a predicate offense for career offender purposes under the force clause, even if the residual clause is struck. Accordingly, the possible application of *Johnson's* reasoning to the career offender guideline would provide Defendant no relief.

## IV.  Conclusion

As South Carolina robbery is considered a violent felony under the force clause, Defendant has two predicate offenses as required under the career offender guideline and remains a career offender. Therefore, Defendant's § 2255 motion is **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

5

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 28, 2017

6